UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MARK ARNOLD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF KENOSHA, WISCONSIN, | ) ) | |
| | ) | |
| KENOSHA POLICE OFFICERS | ) | |
| | ) | |
| LORN ANSCHUTZ, # 491 | ) | |
| DUSTY NICHOLS, # 399 | ) | |
| THOMAS P. GROTH | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

**COMPLAINT**

Now comes Plaintiffs ("Plaintiff"), MARK ARNOLD by and through his attorney, Stephen L. Richards, and make the following complaint against Defendant CITY OF KENOSHA ("Defendant City") and KENOSHA POLICE OFFICERS LORN ANSCHUTZ, DUSTY NICHOLS, and THOMAS P. GROTH, and states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343

and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**PARTIES**

4. At all times relevant hereto, Plaintiff MARK ARNOLD was a 57 year old male resident of Kenosha, Wisconsin.

5. Defendant Officers were at all relevant times employed by the City of Kenosha and acting within the scope of their employment and under color of law.

6. Defendant City of Kenosha is a municipal corporation, duly incorporated under the laws of the State of Wisconsin, and is the employer and principal of the Defendant Officers.

**FACTUAL ALLEGATIONS**

7. In May of 2012, MARK ARNOLD's wife, Angela Letona, moved out of his personal residence at 7623 28th Avenue, Kenosha, Wisconsin.

8. At that time she returned her key to the residence to MARK ARNOLD.

9. Angela Letona was not on the title to the residence at 7623 28th Avenue, Kenosha, Wisconsin and has never been on the title to that residence.

10. Between May of 2012 and July 20, 2012, Angela Letona did not reside at 7623 28th Avenue, Kenosha, Wisconsin.

11. On July 20, 2012, Angela Letona came to MARK ARNOLD's residence and demanded that he give her a key to his residence.

12. He refused.

13. She then called the Kenosha police department.

14. Defendants ANSCHUTZ and NICHOLS arrived at Mark Arnold's residence at 7623 28th Avenue, Kenosha, Wisconsin during the evening hours of July 20, 2012.

15. Defendant NICHOLS threatened to kick in the door to the residence if MARK ARNOLD did not allow Angela Letona to enter. He stated that since MARK ARNOLD had married Angela Letona six years earlier that "she can have anything of yours that she wants."

16. MARK ARNOLD informed Officer Nichols that Angela Letona was not on the title to the residence, that she had moved out and returned the key, and that the division of property would be determined during divorce proceedings.

17. Defendant NICHOLS then stated that he would help Angela Letona break into MARK ARNOLD's residence.

18. MARK ARNOLD replied that NICHOLS's actions would break the law.

19. NICHOLS asked MARK ARNOLD if Angela Letona had any clothing remaining in her residence.

20. MARK ARNOLD replied: "Yes, and I will put all of her clothing on the front porch right now."

21. MARK ARNOLD then entered the residence and began carrying armloads of Angela Letona's shoes and clothing and placing them on the front porch.

22. As MARK ARNOLD did so, Angela Letona cursed loudly as she brought the shoes and clothing to her car.

23. At the same time, NICHOLS and ANSCHUTZ cursed MARK ARNOLD, calling him a "fucking asshole," and a "fucking dick."

24. Without MARK ARNOLD's consent, without a warrant, and without probable cause, NICHOLS and ANSCHUTZ then entered MARK ARNOLD's residence at 7623 28th Avenue, Kenosha, Wisconsin.

25. Although MARK ARNOLD did not resist this unlawful entry, NICHOLS physically forced entry to the residence using substantial upper body force and then placing his foot in the front entry to the residence.

26. MARK ARNOLD immediately withdrew into the living room and verbally objected to the forced entry as officers NICHOLS and ANSCHUTZ and then Angela Letona entered the living room.

27. Officer NICHOLS retorted "We're in and We're stayin' in.

28. Several minutes later Officer ANSCHUTZ stated "You Punched me. " MARK ARNOLD responded "I never touched you. " Officer ANSCHUTZ then stated "You hit me in the face." MARK ARNOLD responded "I never touched you" and then turned around.

29. At that time Officer NICHOLS used his fist and forearm to strike MARK ARNOLD from behind, knocking Mark to the ground head first. After ARNOLD'S head hit the floor with great force, Officer NICHOLS then stomped on ARNOLD's left rib cage and left arm, using his left foot and Officer NICHOLS stood on ARNOLD's left arm and rib cage as he then stomped on

ARNOLD's neck and right shoulder, causing ARNOLD's head to strike the hardwood floor two more times.

30. ANSCHUTZ forced the air out of ARNOLD'S lungs by standing on him and by standing on him and then placing his right knee between Arnold's shoulder blades and shifting all of his body weight on to Arnold's back forcing the air out of Arnold's chest which caused Arnold's heart to go into severe dysrhythmia.

31. ANSCHUTZ called for the use of a taser as ARNOLD was laying motionless on the floor.

32. As ARNOLD lay on the floor, Angela Letona told the defendant officers that MARK ARNOLD has a heart condition.

33. As defendant officer GROTH was about to draw his taser, he hesitated when Angela Letona repeated her statement that ARNOLD had a heart condition and that "you will kill him."

34. NICHOLS stepped off ARNOLD's rib cage, then off of his neck and shoulder and walked into the living room.

35. ANSHUTZ stood with his right foot beside ARNOLD as his left foot continued to grind ARNOLD's left knee into the threshold of the front door.

36. GROTH then cuffed ARNOLD.

37. ANSCHUTZ then reached down and ripped the polo shirt off ARNOLD's back, and then grabbed ARNOLD's left arm further wrenching ARNOLD's arm and shoulder as he pulled him up from the floor.

38. ANSHUTZ and another officer dragged ARNOLD across his yard and the street and then dumped ARNOLD face down into the neighbor's yard, placing additional stress on ARNOLD's respiratory system.

39. Officer GROTH called for a rescue squad due to ARNOLD's inability to breath and concern about potential heart failure. Kenosha Fire Rescue responded to the call and transported ARNOLD to the hospital. Officers GROTH, ANSCHUTZ and NICHOLS followed in KPD Cruisers and at the hospital GROTH stated that they had decided not to cite ARNOLD for felony assult on Anschutz but were instead issuing municipal citations for disturbance of the peace and obstruction of the police.

40. The two municipal citations were subsequently dismissed and MARK ARNOLD never pled guilty to either of these charges.

41. On July 21, 2012 when MARK ARNOLD attempted to lodge a complaint in regard to the actions of the Kenosha police officers in the July 20, 2012 incident; Kenosha Police Lieutenant Tom Hansche intentionally made an implied threat against MARK ARNOLD in an effort to insure that a complaint would not be brought against officers NICHOLS and ANSCHUTZ.

42. In November 2012 when MARK ARNOLD again tried to move forward with a complaint of continuing harassment and intimidation by Kenosha police officers, Kenosha police Captain Eric Larsen again deflected MARK ARNOLD's complaint of police misconduct by offering to send the issue back to Kenosha police Lt. Hansche for investigation rather than having a neutral individual handle the complaint. The harassment and intimidation of MARK ARNOLD by

Kenosha Police officers has been allowed to continue from November 2012 onto 2015.

### Count I – 42 U.S.C. § 1983 False Arrest

43. Plaintiff MARK ARNOLD re-alleges paragraphs 1 through 42 as if fully repleaded herein.

44. On July 20, 2012, MARK ARNOLD was stopped and seized without a warrant, without probable cause, and without reasonable suspicion. This seizure and arrest was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

45. Defendant Officers unlawfully and maliciously arrested plaintiff and wrongfully detained him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

46. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the plaintiff's constitutional rights and would cause harm to the plaintiffs.

WHEREFORE, Plaintiff prays for judgment against Defendant officers in a fair

and just amount sufficient to compensate them for the injuries they suffered, plus, plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Excessive Force

47. Plaintiffs re-allege paragraphs 1-46 as if fully re-pleaded herein.
48. On July 20, 2012, MARK ARNOLD was assaulted by defendant officers, acting individually, and in concert, under color of law, using excessive force to injure MARK ARNOLD Plaintiffs' rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.
49. Defendant Officers unlawfully and maliciously assaulted plaintiff without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.
50. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the plaintiff's constitutional rights and would cause harm to the plaintiff.

   WHEREFORE, Plaintiff prays for judgment against Defendant officers in a fair and just amount sufficient to compensate them for the injuries they suffered, plus, plaintiffs seek a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count III – 42 U.S.C. § 1983 Unlawful Search and Seizure

51. Plaintiffs re-allege paragraphs 1-50 as if fully re-pleaded herein.

52. On July 20, 2012, defendants unlawfully entered and searched MARK ARNOLD's home in violation of nPlaintiffs' rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

53. Defendant Officers invaded plaintiff's home without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

54. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the plaintiff's constitutional rights and would cause harm to the plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant officers in a fair and just amount sufficient to compensate them for the injuries they suffered, plus, plaintiffs seek a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IV – Monell Claim Against Defendant City

55. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Kenosha Police Department in that:

    a. As a matter of both policy and practice, the Kenosha Police Department

directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Kenosha Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Kenosha Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Kenosha Police Officers accused of misconduct are aware that the Kenosha Police Department will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Kenosha Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Kenosha Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Kenosha Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Kenosha has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of

the same, thereby causing the types of injuries alleged here.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate them for the injuries he suffered, plus, plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

**Pendant State Law Claims**

### Count V –State Law Claim Against Defendant City

#### *Respondeat Superior* and Indemnification

56. Plaintiffs re-allege paragraphs 1 through 55 as if fully re-pleaded herein.
57. Wisconsin law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.
58. At all relevant times, Defendant Officers were agents of Defendant City of Kenosha and of the Kenosha Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate them for the injuries they suffered, plus, plaintiffs seek costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VI- Assault and Battery

59. Plaintiff realleges and incorporates by reference 1-58 as if fully re-plead herein.

60. Plaintiff timely filed and served a Notice of Injury and a Notice of Claim, pursuant to Wis. Stat. § 893.80, with the Defendant, City of Kenosha. That the Notice of Claim was served on the City of Kenosha on November 13, 2012.

61. The defendants involved in the subject incident intended to inflict bodily contact and to do physical harm to MARK ARNOLD and to put him in fear of imminent physical harm.

62. The defendants used excessive force and caused offensive bodily contact and bodily harm to MARK ARNOLD in an angry, revengeful, rude, or insolent manner, and said defendants had an awareness that their conduct was practically certain to cause bodily harm to MARK ARNOLD.

63. MARK ARNOLD did not consent to have bodily contact and harm done to him.

64. the above-mentioned conduct of the defendants was a direct and proximate cause of the injuries and damages to MARK ARNOLD as set forth in this Complaint.

65. That the above-mentioned conduct of the defendants was also unlawful, extreme, malicious, outrageous and/or intentional.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate them for the injuries he suffered, plus, plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

MARK ARNOLD

Plaintiff    /s/ Stephen L. Richards

               By: Stephen L. Richards
                   651 W. Washington Suite 205
                   Chicago, IL 60661
                   773-817-6927
                   Sricha5461@aol.com
                   Attorney No: 6191946